**IN RE ROYAL**

[128 N.C. App. 645 (1998)]

---

IN THE MATTER OF CLINTON ROYAL, PETITIONER

No. COA97-599

(Filed 17 February 1998)

**Hospitals and Medical Facilities or Institutions § 61 (NCI4th)— substance abuse—treatment—order not conditioned on dangerousness**

    The trial court exceeded its authority when it ordered Dorothea Dix Hospital to provide substance abuse treatment for petitioner where the order was not conditioned on petitioner's continued qualification as a substance abuser who was dangerous to himself or others as required by N.C.G.S. §122C-287(1).

Appeal by State from order dated 12 February 1997 by Judge Fred M. Morelock in Wake County District Court. Heard in the Court of Appeals 14 January 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Allyson K. Kurzmann and Associate Attorney General Becky A. Beane, for the State.*

*Legal Services of North Carolina, Mental Health Unit, by Lewis Pitts, for petitioner.*

GREENE, Judge.

    The State appeals from an order of the trial court directing Dorothea Dix Hospital (DDH) to provide appropriate treatment for

Clinton Royal (Mr. Royal) "until other more appropriate, less restrictive, long-term residential treatment . . ." was arranged for him.

The facts are as follows: On 9 February 1997, Dr. Stacy Seigel signed an affidavit and petition for involuntary commitment which stated that Mr. Royal was mentally ill, a substance abuser, dangerous to himself or others, and in need of treatment. On the same day at about 11:45 p.m., a magistrate ordered that Mr. Royal be transported to DDH, a 24-hour facility, in accordance with N.C. Gen. Stat. § 122C-281. Dr. John Matthews then examined Mr. Royal on 10 February at 1:15 a.m. and recommended substance abuse commitment at DDH pending a hearing.

On 11 February 1997, Mr. Royal filed a "Petition Seeking Appropriate Treatment And/Or A Hearing Before Discharge" in which he stated that the policy and practice of DDH would be to transport him to the Wake County Area Program Alcohol Treatment Center (Alcohol Treatment Center) for evaluation before a hearing or any treatment for substance abuse. According to Mr. Royal, he would "be evaluated [at] the Alcohol Treatment Center, placed upon a waiting list and then asked to leave until a bed [became] available." In the petition, Mr. Royal specifically asked the trial court to order DDH to not discharge him but instead, provide him with appropriate treatment at least until other more appropriate treatment is arranged or a hearing could be held. Mr. Royal cited N.C. Gen. Stat. § 122C-57(a) as authority for his claim for treatment. In its order, the trial court stated that it heard from both Mr. Royal and counsel for DDH and directed DDH to "provide [Mr. Royal] appropriate treatment until such time as other more appropriate, less restrictive, long-term residential treatment is arranged and ready for Mr. Royal."

———————————————

The dispositive issue is whether the statutory right to age-appropriate treatment for substance abuse, as provided by N.C. Gen. Stat. § 122C-57(a), extends to every person without regard to whether the person meets the statutory criteria for involuntary commitment of substance abusers.

N.C. Gen. Stat. § 122C-57(a) provides that every person "admitted to and . . . receiving services from a facility has the right to receive age-appropriate treatment for mental health, mental retardation, and substance abuse illness or disability." N.C.G.S. § 122C-57(a) (1996). It is apparently Mr. Royal's position that once a person is admitted to a

"facility,"[1] that person is entitled to "age-appropriate treatment for mental health, mental retardation, and substance abuse," with that right to treatment continuing without regard to whether the person continues to meet the criteria for commitment. We disagree. Section 122C-57(a) sets a level of care to which each person "receiving services" from a "facility" is entitled. If the person is no longer entitled to receive services from the "facility," it follows that they have no entitlement to treatment or care pursuant to section 122C-57(a). Only those persons found to be substance abusers and dangerous to themselves or others are entitled to the "services" of the facility. N.C.G.S. § 122C-287(1) (1996) (setting out criteria for commitment); N.C.G.S. § 122C-283(d)(1) (1996).

It thus follows that the trial court exceeded its authority when it ordered DDH to provide treatment for Mr. Royal "until such time as other more appropriate, less restrictive, long-term residential treatment is arranged . . ." because the order was not conditioned on Mr. Royal's continued qualification as a substance abuser who was dangerous to himself or others. *See* N.C.G.S. § 122C-286(h) (1996) (trial court must "find by clear, cogent, and convincing evidence that the respondent meets the criteria" as stated in N.C. Gen. Stat. § 122C-287(1)). The trial court was within its authority, however, to the extent it ordered that Mr. Royal receive treatment while he was lawfully committed to the facility.

Vacated in part.

Judges JOHN and MARTIN, Mark D., concur.

---

1. A facility is defined in N.C. Gen. Stat. § 122C-3(14).